## HIGGINS v CLEVELAND (City)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10101. Decided June 17, 1929

Squire, Sanders '& Dempsey, Cleveland, for Higgins.
Carl Shuler and Ben Levin, Cleveland, for city.

SULLIVAN, J.

It is urged by counsel for plaintiff in error that the section of the ordinance upon which conviction was had is unconstitutional because it violates **Sec. 28 of Article II of the Constitution of Ohio** which provision relates to the impairment of the

**438**

obligations of contracts, and it is also urged that the ordinance is in contravention of **Sec. 1, 14th Amendment of the Constitution of the United States** which provides that there should be no abridgement of the privileges or immunities of citizens and no denial of equal protection of all citizens. We sustain this contention.

It is clear that throughout the ordinance there is an unlawful encroachment upon civil rights. The very essence of the ordinance deals with contractual relations which canot be impaired. Every provision appears to be an interference with those business relations that of necessity must exist among citizens transacting the ordinary affairs of life with each other. The ordinance in its provisions makes the municipal government a party to transactions involving those civil rights which all men have the inalienable right to enjoy. Each provision is an arbitrary and unreasonable exercise of power and therefore unlawful. The very nature of the provisions of the ordinance is at war with all those principles upon which the citizen has a right to rely without molestation for the conduct of the ordinary affairs of life. The provisions are regulations which attempt to limit freedom in the right to contract. Its provisions are discrimnatory inasmuch as it seeks to favor one class of citizen and ignore all others. There is no uniformity therefore in the operation of its provisions. All these conclusions it seems to us are patent from a mere reading of the ordinance and our conclusion is, for the reasons herein noted, that the arrest and conviction of plaintiff in error had no foundation in law because of the inherent violations of the state and federal constitutions appearing in the provisions of the ordinance, and the passage of the ordinance by the city council was an unreasonable and arbitrary exercise of power and therefore we hold the enactment invalid and of no force and effect in law.

Holding those views the judgment of the lower court is reversed and the plaintiff in error is discharged.

Vickery, PJ, and Levine, J, concur.